J-S68036-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID RAY BISH, | : | |
| | : | |
| Appellant | : | No. 379 WDA 2016 |

Appeal from the PCRA Order February 24, 2016
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000210-2009

BEFORE:    SHOGAN, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED OCTOBER 31, 2016**

David Ray Bish (Appellant) appeals from the February 24, 2016 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 2011, Appellant pled guilty to possession with intent to deliver 250 grams of methamphetamine, and the trial court sentenced him to a mandatory term of five to ten years of imprisonment.  Appellant filed neither post-sentence motions nor a direct appeal.

In 2015, Appellant *pro se* filed a motion for reconsideration of sentence in light of ***Alleyne v. United States***, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by a jury).  The trial court denied the

_____
*Retired Senior Judge assigned to the Superior Court.

motion as untimely-filed. On appeal, this Court determined that Appellant's motion should have been treated as his first PCRA petition rather than as an untimely-filed post-sentence motion; therefore, the case was remanded for further proceedings following the appointment of PCRA counsel. **Commonwealth v. Bish**, 134 A.3d 506 (Pa. Super. 2015) (unpublished memorandum).

Counsel was appointed and filed a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), indicating that the petition was meritless because it was untimely-filed and none of the PCRA's timeliness exceptions applied. The PCRA court granted counsel's petition, issued notice of its intent to dismiss Appellant's PCRA petition, and ultimately dismissed the petition by order of February 24, 2016. Appellant timely filed a notice of appeal and a statement of errors complained of on appeal. The PCRA court filed an opinion adopting counsel's no-merit-letter analysis.

On appeal, Appellant claims, *inter alia*, that the PCRA court erred in not applying the **Alleyne** decision retroactively. Appellant's Brief at 6. However, before we may address Appellant's substantive arguments, we must determine whether his PCRA petition was filed timely.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Lewis**, 63 A.3d 1274, 1280-81 (Pa. Super. 2013).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b).

Appellant's 2015 petition is facially untimely, as his judgment of sentence became final in 2011. Appellant maintains that his sentence is illegal under *Alleyne* "and must be vacated, since the legality of sentence concerns are not waivable and can be raised at any time." Appellant's Brief at 6.

While Appellant is correct that such claims generally cannot be waived, it is also true that a PCRA court cannot entertain the claims if it lacks jurisdiction to do so based upon the untimeliness of the petition. *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." (citation and internal quotation marks omitted)); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Appellant also argues that the ***Alleyne*** decision satisfies the newly-recognized-constitutional-right timeliness exception found at 42 Pa.C.S. § 9545(b)(1)(iii). Appellant's Brief at 14. However, Appellant filed his petition more than 60 days after ***Alleyne*** was decided. Moreover, our Supreme Court has held that ***Alleyne*** does not apply retroactively to cases on collateral review. ***Commonwealth v. Washington***, 142 A.3d 810 (Pa. 2016).

Thus, the ***Alleyne*** decision does not assist Appellant in establishing a timeliness exception to the PCRA's limitations, and the PCRA court properly dismissed the petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2016

- 4 -